UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
TERRY MCNEIL,                          :
                                       :    Civ. No. 15-2939 (RBK) (KMW)
              Plaintiff,       :
                                       :    **OPINION**
   v.                                  :
                                       :
ATLANTIC COUNTY JUSTICE                :
FACILITY, et al.,                      :
                                       :
             Defendants.      :
_____    :

**ROBERT B. KUGLER, U.S.D.J.**

      Plaintiff is currently incarcerated at SCI Benner in Bellefonte, Pennsylvania. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Clerk will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. *See* L.Civ.R. 5.1(f). The filing fee for a civil complaint is $400.00 ($350.00 if the plaintiff is proceeding *in forma pauperis*). While the Clerk has received the complaint, the complaint has not been filed as plaintiff has not paid the filing fee nor has plaintiff been granted *in forma pauperis* status.

      A prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id.*; *see also* L.Civ.R. 81.2(b) ("Whenever a Federal, State, or local prisoner submits a civil rights complaint . . . the prisoner

shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.").

On May 12, 2015, this Court denied plaintiff's application to proceed *in forma pauperis* without prejudice. While plaintiff attached his prisoner account statement, the statement had not been certified by the appropriate prison official. Therefore, the matter was administratively terminated.

On May 22, 2015, the Court received another application to proceed *in forma pauperis* from plaintiff. Therefore, the Clerk will be ordered to reopen this case. However, this application suffers from the same defect as plaintiff's prior *in forma pauperis* application. Plaintiff must have the proper prison official certify his prisoner account statement. Plaintiff's signature where the prison official is supposed to certify the prisoner account statement is insufficient. Therefore, this application to proceed *in forma pauperis* will also be denied without prejudice. While plaintiff's subsequent filings indicate that this affidavit would be mailed separately, to date, the Court has not received said signed certification from the appropriate prison official.

As plaintiff has neither pre-paid the filing fee nor submitted a complete application to proceed *in forma pauperis*, the Clerk will be ordered to re-administratively close the case. However, plaintiff shall be given an opportunity reopen this action by either paying the filing fee or submitting a complete *in forma pauperis* application.

DATED:  June 8, 2015

                                                s/Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge