UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TERRY McNEIL,

        Plaintiff,

        v.

ATLANTIC COUNTY JUSTICE FACILTY, et al.,

        Defendants.

Civ. No. 15-2939 (RBK) (KMW)

OPINION

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

The plaintiff, Terry McNeil, along with several other inmates at the Atlantic County Justice Facility are proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this Court granted Mr. McNeil's application to proceed *in forma pauperis*.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A with respect to Mr. McNeil to determine whether it should be dismissed as frivolous or malicious, for failing to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

## II.    MULTIPLE PLAINTIFFS

Before screening the complaint, the Court must address a procedural issue associated with this case. Federal Rule of Civil Procedure 20 governs the permissible joinder of plaintiffs and states in relevant part:

> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

>   (B) any question of law or fact common to all plaintiffs will arise in the action.

FED. R. CIV. P. 20(a)(1). Joinder under Rule 20 is discretionary and when the Court exercises that discretion, it "must provide a reasoned analysis that comports with the requirement of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers,* 570 F.3d 146, 157 (3d Cir.2009).

In this case, only one plaintiff, Mr. McNeil, has submitted an application to proceed *in forma pauperis*. Where more than one prisoner seeks to join in a complaint against a government official or entity, the plaintiffs may prepay a single $400.00 filing fee or seek *in forma pauperis* status. *See Hagan*, 570 F.3d at 150; *Miller v. New Jersey,* No. 13–2018, 2013 WL 2149692, at *2 (D.N.J. May 16, 2013) (citations omitted). In the event that multiple prisoners seek to join as plaintiffs and they do not prepay the $400.00 filing fee, then each plaintiff must submit a complete application to proceed *in forma pauperis* if he desires the complaint to be filed on his behalf. *See Hagan,* 570 F.3d at 154–55. In that situation, if the Court permits more than one prisoner to join as a plaintiff under Rule 20, then the Court is required to collect a $350.00 filing fee from each prisoner-plaintiff by directing the agency having custody of each prisoner to deduce the filing fee in monthly installments from each prisoner's account as if each prisoner were filing his own individual complaint. *See id.* at 155–56.

In this case, only Mr. McNeil submitted an application to proceed *in forma pauperis*. The other plaintiffs named in the complaint, (Anthony Williams, Kenneth Green, Rickey Fricken, Jr., Robert McKinnon and Joseph Allen) may not have known about the filing requirement.[1]

---

[1] While these individuals are named in the complaint, they are not listed in the caption of this action on the docket.

Accordingly, pursuant to *Hagan*, this Court will only screen the complaint as to Mr. McNeil since he is the only individual who has properly completed an *in forma pauperis* application.

### III.   BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening Opinion. Mr. McNeil names several defendants in his complaint; specifically: (1) Atlantic County Justice Facility; (2) Gerald Gormley Justice Facility; (3) Warden Cohen; (4) Captain Marks; (5) Lieutenant Trout; and (6) Sergeant Neal.[2] The complaint raises several distinct claims arising from Mr. McNeil's detainment at the Atlantic County Justice Facility. Each is discussed in turn.

Mr. McNeil first alleges that inmate funds are confiscated and that he is charged a user fee of $50.00 per month. This leaves him without sufficient funds to purchase toiletry items and other items at the commissary.

Mr. McNeil also complains about the conditions of confinement. More specifically, he claims that there is water build-up of two inches on the floors in the shower area as there are no drains or drainage. Furthermore, he states that paint is peeling off of the tiled floor in the showers. Additionally, he claims that there are no safety rails in the showers.

Mr. McNeil also states that the cells are overcrowded as three men are placed in one 5 X 9 cell. He also claims he is medically supposed to be on a bottom bunk, but the facility did not honor this request. The top bunk does not have a safety rail according to Mr. McNeil, and he asserts that he fell off the top bunk on February 25, 2015.

---

[2] The caption only includes the two facilities as defendants. However, the body of the complaint clearly names the individuals as people Mr. McNeil also is intending to sue. Therefore, the Clerk will be ordered to add the individuals to the caption on the docket.

Mr. McNeil further argues that the collect call phone system is not accessible by inmates at the Atlantic County Justice Facility. He states that the "account must be set up by [an] outside party [and] the system does not place free collect calls to [the] Atlantic County Public Defenders Office or anywhere without an account." (Dkt. No. 1 at p. 2) Mr. McNeil also asserts that he is charged a tripled rate for his calls and that he has no access to legal counsel by the phone system.

Mr. McNeil also complains about his access to the law library. He claims that he has had no access to the law library because it is closed to all inmates and does not have a paralegal to assist inmates with their cases. Furthermore, he claims that no copy of the Constitution was provided when he asked for one.

Mr. McNeil also complains about his purported unlawful detainment. He asserts that the facility is liable because it is:

> detaining inmates for weeks sometimes months on daily occasions with no jurisdiction over released inmate, when released from court, facility claims to never receive facts from court of disposition of charges satisfied claiming to never receive fax or charges satisfied[.] Inmate shuffled between facility and court while still detained for days, weeks, and months, by facility in constant basis of infractions.

(Dkt. No. 1 at p. 3)

Finally, Mr. McNeil asserts that there is no recreation and no social worker to handle inmate affairs.

Mr. McNeil seeks monetary damages as his requested relief on his claims. Mr. McNeil also requests that someone go to the Atlantic County Justice Facility to "see how things are done." (Dkt. No. 1 at p. 5)

## IV.     STANDARD OF REVIEW

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub.L. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard,* 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States,* 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir.2013) (citation omitted) (emphasis added).

## V. DISCUSSION

### A. Class Action

It appears as if Mr. McNeil is attempting to bring his complaint as a class action on behalf of all the inmates at the Atlantic County Justice Facility. However, a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates. *See Alexander v. New Jersey State Parole Bd*, 160 F. App'x 249, 250 n.1 (3d Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005)). Accordingly, the action, insofar as it is brought by Mr. McNeil, *pro se*, on behalf of inmates other than himself, is therefore dismissed.

### B. Atlantic County Justice Facility & Gerald Gormley Justice Facility

Mr. McNeil names the Atlantic County Justice Facility and the Gerald Gormley Justice Facility as defendants in this case. However, a jail is not a "person" subject to suit under § 1983. *See Parrish v. Ocean Cnty. Jail,* No. 13–2020, 2013 WL 5554687, at *2 (D.N.J. Sept. 20, 2013) (finding that Ocean County Jail is not a person subject to suit under 42 U.S.C. § 1983) (citations omitted); *Ross v. Burlington Cnty. Jail,* No. 12–338, 2013 WL 3514191, at *2 (D.N.J. July 11, 2013) (dismissing claims against jail with prejudice as it is not a person subject to § 1983 liability) (citations omitted); *Ruiz v. Stills,* No. 09–4259, 2012 WL 762166, at *4 (D.N.J. Mar.7, 2012) (dismissing Cumberland County Jail from lawsuit because it is not a person subject to § 1983 liability) (citations omitted). Accordingly, the claims against the Atlantic County Justice Facility and the Gerald Gormley Justice Facility will be dismissed with prejudice as any potential amendment as to this particular defendant would be futile.

C. Individual Defendants – Cohen, Marks, Trout and Neal

As previously noted, the complaint names Cohen, Marks, Trout and Neal as individual defendants. The complaint fails to allege any personal involvement of these individual defendants with respect to any of Mr. McNeil's claims as stated in *supra* Part III, which is required to properly plead a Section 1983 claim. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988); *see also In re Bayside Prison Litig.*, No. 97–5127, 2007 WL 327519, at *5 (D.N.J. Jan.30, 2007). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. *See Rode*, 845 F.2d at 1207; *see also Baker v. Monroe Twp.,* 50 F.3d 1186, 1190–91 (3d Cir.1995); *Jackson v. Camden Cnty. Corr. Facility,* No. 12–7538, 2013 WL 1844636, at *3 n.1 (D.N.J. Apr.29, 2013). No such allegations of personal involvement are made by Mr. McNeil in the complaint as to the individually named defendants. Accordingly, Mr. McNeil fails to make allegations against them with the specificity required by *Twombly* and *Iqbal*. Therefore, his claims against the individual defendants will be dismissed without prejudice for failure to state a claim upon which relief may be granted.[3]

## VI. CONCLUSION

For the foregoing reasons, Mr. McNeil's claims against the Atlantic County Justice Facility and the Gerald Gormley Justice Facility are dismissed with prejudice for failure to state a claim upon which relief may be granted. Mr. McNeil's claims against the individual defendants

---

[3] It is also worth noting that Mr. McNeil is now no longer incarcerated at the Atlantic County Justice Facility, but instead, is incarcerated at SCI – Benner in Bellefonte, Pennsylvania. Thus, to the extent that the complaint could be construed as containing a claim for injunctive relief, such a claim for relief is now rendered moot by his transfer to another facility. *See Griffin v. Beard*, 401 F. App'x 715, 716 (3d Cir. 2010) (per curiam) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims.") (quoting *Sutton v. Rasheed,* 323 F.3d 236, 248 (3d Cir.2003) (citing *Abdul–Akbar v. Watson,* 4 F.3d 195, 197 (3d Cir.1993))).

will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

An appropriate order will be entered.


DATED: January 19, 2016

s/Robert B. Kugler<br>ROBERT B. KUGLER<br>United States District Judge