**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

| | | |
|---|---|---|
| TERRY MCNEIL, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 15-2939 (RBK) (KMW) |
| | : | |
| v. | : | |
| | : | |
| ATLANTIC COUNTY JUSTICE FACILITY et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

_____ :

**ROBERT B. KUGLER, U.S.D.J.**

**I.      INTRODUCTION**

The plaintiff, Terry McNeil, was previously confined at the Atlantic County Justice

Facility. On January 20, 2016, this Court screened the complaint and dismissed the complaint

with prejudice in part and without prejudice in part. Plaintiff was given leave to file an amended

complaint. Presently pending before this Court is plaintiff's motion to reopen this case which

includes an attached proposed amended complaint. Plaintiff's motion to reopen will be granted

and the Clerk will be ordered to file the amended complaint so that it can be screened.

At this time, this Court must screen the amended complaint pursuant to 28 U.S.C. §

1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious,

for failing to state a claim upon which relief may be granted or because it seeks monetary relief

from a defendant who is immune from suit. For the following reasons, the amended complaint

will be permitted to proceed in part.

**II.      BACKGROUND**

The allegations of the amended complaint will be construed as true for purposes of this

screening Opinion. Plaintiff names the following individuals as defendants in his amended

complaint:  (1) Warden Cohen; (2) Captain Marks; (3) Lieutenant Trout; (4) Sergeant Neal; (5) Chaplain Miller; and (6) Nurse Pryor.

The amended complaint states that in January, 2015, he complained to the Crisis Hotline about the conditions of his confinement at the Atlantic County Justice Facility. However, plaintiff states that he received a retaliatory misconduct from Sergeant Neal for his complaints about the conditions of confinement.

Furthermore, in January, 2015, plaintiff filed a grievance to challenge his living conditions at the facility, which included:  "lack of heat in the cells, denial of showers and unsanitary showers, no phone access for legal calls, torn mattress, inadequate food[.]" (Dkt. No. 23-1 at p. 3) Plaintiff states that he sought assistance from the Defendants to rectify these conditions as they were directly responsible for the violations of his constitutional rights. He also inquired about improper deductions from his prisoner account.

Plaintiff also states that he was forced to sleep on a top bunk despite his medical records indicating that he was required to have a bottom bunk because of a rod in his leg. On February 25, 2015, plaintiff states that he fell and injured himself while attempting to climb down from top bunk.

### III.    STANDARD OF REVIEW

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a

2

> judicial officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub.L. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard,* 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States,* 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's

screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir.2013) (citation omitted) (emphasis added).

## IV.   DISCUSSION

### A. Retaliation

Plaintiff asserts that defendant Neal retaliated against him for exercising his First Amendment rights when he complained about the conditions of confinement to the "Crisis Hotline." "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal connection between the exercise of his constitutional rights and the adverse action taken against him." *Mack v. Yost,* 427 F. App'x 70, 72 (3d Cir.2011) (quoting *Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir.2003)). At this early stage of the proceedings, this Court will permit plaintiff's retaliation claim against Neal to proceed past screening.

To the extent that plaintiff is attempting to assert this claim against the other defendants, however, he fails to state a claim. Indeed, he fails to allege how the other defendants were personally involved in retaliating against him for his exercise of his constitutional rights. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988); *see also In re Bayside Prison Litig.*, No. 97–5127, 2007 WL 327519, at *5 (D.N.J. Jan. 30, 2007). Thus, this claim will be dismissed without prejudice against them.

B. <u>Conditions of Confinement</u>

Plaintiff also appears to be attempting to bring a condition of confinement claim against the defendants. Plaintiff's amended complaint includes in list form the conditions of his confinement. The Eighth Amendment requires prison official to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)). A prisoner asserting a condition of confinement claim must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." *Id.* at 834 (citing *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). These minimal civilized measures of life's necessities include food, clothing, shelter, sanitation, medical care and personal safety. *See Betts v. New Castle Youth Dev. Ctr.,* 621 F.3d 249, 256 (3d Cir. 2010) (citations omitted). The plaintiff must also allege that the prison official acted with deliberate indifference to the prisoner's health or safety. *See Wilson v. Seiter,* 501 U.S. 294, 298–99 (1991). Thus, "'the official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'" *Wilson v. Burks,* 423 F. App'x 169, 173 (3d Cir. 2011) (quoting *Farmer,* 511 U.S. at 837). In analyzing whether the

conditions of confinement violate the Eighth Amendment, a court examines the totality of the conditions at the institution. *See Nami v. Fauver,* 82 F.3d 63, 67 (3d Cir. 1996). "Relevant considerations include the length of confinement, the amount of time prisoners must spend in their cells each day, sanitation, lighting, bedding, ventilation, noise, education and rehabilitation programs, opportunities for activities outside the cells, and the repair and functioning of basic physical facilities such as plumbing, ventilation, and showers." *Id.* (citing *Tillery v. Owens,* 907 F.2d 418, 427 (3d Cir. 1990)); *see also Riley v. DeCarlo,* 532 F. App'x 23, 26 (3d Cir. 2013).

As written in the amended complaint, this Court does not find that plaintiff's conditions of confinement allegations satisfy the *Iqbal* standard to state a claim. Indeed, plaintiff merely lists the conditions of confinement in conclusory form without any context as to their totality of the conditions at the facility. Furthermore, as with plaintiff's original complaint, it is incumbent upon him to allege with some level of facial plausibility that the individually named defendants were personally involved in the purported constitutional violation. As this Court previously explained, that can be shown through allegations of personal direction or of actual knowledge and acquiescence as to each defendant plaintiff wishes to sue. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Baker v. Monroe Twp.,* 50 F.3d 1186, 1190–91 (3d Cir.1995); *Jackson v. Camden Cnty. Corr. Facility,* No. 12–7538, 2013 WL 1844636, at *3 n.1 (D.N.J. Apr.29, 2013). Plaintiff needs to allege this personal involvement of each and every defendant he names (like he did with defendant Neal in his retaliation claim) if he is to proceed with a conditions of confinement claim against certain individual defendants. Therefore, this claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

C.  Telephone Access for Legal Calls

Plaintiff also seems to be asserting an access to courts claim by arguing that he lacked telephone access to make legal calls. "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard,* 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey,* 518 U.S. 343, 346 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury,* 536 U.S. 403, 415 (2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.' " *Id.* at 205–06 (citing *Christopher,* 536 U.S. at 416–17) (footnote omitted).

In this case, plaintiff has failed to state an access to courts claim. The allegations of the amended complaint do not state the arguable legal claim that plaintiff has lost as a result of his purported lack of access to the courts. Thus, he fails to identify any "actual injury" he has suffered to adequately state an access to courts claim. *See Aruanno v. Main,* 467 F. App'x 134, 137 (3d Cir. 2012) (agreeing with District Court's dismissal of an access to courts claim where the plaintiff did not identify an actual injury he suffered). Therefore, this claim will also be dismissed without prejudice.

D.  Improper Deductions

Finally, plaintiff alludes to purported improperly deductions that this Court interprets to have been taken from his prisoner inmate account.

> An unauthorized deprivation of property by a state actor, whether intentional or negligent, does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer,* 468 U.S. 517, 530–36 (1984); *Parratt v. Taylor,* 451 U.S. 527, 543–44 (1981), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 327, 328 (1986). In *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 435–36 (1982), the Supreme Court explained, however, that post-deprivation remedies do not satisfy the Due Process Clause if the deprivation of property is accomplished pursuant to established state procedure rather than through random, unauthorized action.

*Stokes v. Lanigan,* No. 12–1478, 2012 WL 4662487, at *4 (D.N.J. Oct. 2, 2012). New Jersey provides a post-deprivation remedy for unauthorized deprivation of property by public employees through the New Jersey Tort Claims Act, N.J. STAT. ANN. § 59:1–1, *et seq.* Because a meaningful post-deprivation remedy is available, plaintiff has failed to state a due process claim against the defendants with respect to this purported taking. Therefore, this claim will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## V.    CONCLUSION

For the foregoing reasons, plaintiff's retaliation claim against defendant Neal shall be permitted to proceed. Plaintiff's remaining claims are dismissed. Plaintiff's claim related to the deductions from his prisoner account is dismissed with prejudice and the remaining claims are dismissed without prejudice. An appropriate order will be entered.


DATED: June  30,  2016                              s/Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge