UNPUBLISHED OPINION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Terry MCNEIL, | |
| Plaintiff, | Civil No. 15-2939 (RBK/AMD) |
| v. | **OPINION** |
| ATLANTIC COUNTY JUSTICE FACILITY, *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Motion for Summary Judgment of Defendant Sergeant Christopher Neall. (Doc. No. 59.) It is unopposed. This Court previously permitted Plaintiff Terry McNeil to proceed on his First Amendment retaliation claim against Sgt. Neall. (Doc. No. 35.) Since then, McNeill has not presented anything that could provide a basis in fact for this lawsuit against Sgt. Neall. Defendant's motion is therefore **GRANTED**.

I. **THE FACTS**

Because McNeil has not opposed Sgt. Neall's motion for summary judgment, the Court will consider all facts presented by Sgt. Neall as undisputed for purposes of the motion. *See* Fed. R. Civ. P. 56(e).

McNeil was serving a four-year sentence when he was transferred to the Atlantic County Justice Facility on January 7, 2015. Upon arrival, he was given a handbook instructing him that if he made a fictitious emergency claim, he would be subject to disciplinary action. Later on, McNeil became alarmed by the presence of a "sick" cellmate and called the Crisis Hotline at the Atlantic

County Justice Facility. Once on the line, McNeil was told it was a suicide hotline. McNeil responded by saying he understood that, but complained about the conditions of his confinement. For this, he was subject to disciplinary action—four hours of confinement in his cell—because he did not call the line with an emergency.

McNeil filed suit against numerous defendants, asserting several claims. This Court dismissed all of them except for a First Amendment retaliation claim brought against Sgt. Neall. But it is now apparent that Sgt. Neall's involvement in this incident is, at most, minimal. When asked to describe Sgt. Neall, McNeil indicated that Sgt. Neall was African-American, about 5'8", and clean-cut. (*Id.* at 57:3-10.) However, Sgt. Neall is Caucasian. (*See* Def. Br. Ex. I.) When asked, "Did Sgt. Neall do anything to retaliate against you beyond just not acting on your requests?", McNeil answered "No, he hasn't." (McNeil Dep. Tr. 90:21-91:2.) Review of McNeil's deposition indicates that a "Sergeant Neall" would frequently visit McNeil's "pod," and take notes about McNeil's complaints about his confinement. (McNeil Dep. Tr. 57:16-59:17.) The entirety of McNeil's complaint against Sgt. Neall appears to be that he did not get McNeil new sheets, shower shoes, or a lower bunk bed. There are no other facts indicating Sgt. Neall's involvement.

## II. THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A genuine dispute of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When a court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

If the party seeking summary judgment makes this showing, it is left to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" *Corliss v. Varner*, 247 F. App'x 353, 354 (3d Cir. Sept. 17, 2007) (quoting *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact finder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

### III. DISCUSSION

Plaintiff asserts that Sgt. Neall retaliated against him for exercising his First Amendment rights when he complained about the conditions of confinement to the "Crisis Hotline." "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action

by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal connection between the exercise of his constitutional rights and the adverse action taken against him." *Mack v. Yost*, 427 F. App'x 70, 72 (3d Cir. 2011) (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).

There is nothing in the record or in McNeil's complaint that indicates Sgt. Neall did anything to McNeill that could be considered an adverse action. Indeed from the facts before this Court, taken in the light most favorable to the nonmovant, it is not even apparent that McNeil has identified the right Sgt. Neall. Even assuming, though, that McNeil has identified the correct defendant, McNeil himself has stated that Sgt. Neall did not do anything to retaliate against him. McNeil therefore does not "make a showing sufficient to establish the existence of [every] element essential to [his] case," as he must to withstand summary judgment. *Celotex*, 477 U.S. at 322. The Court must therefore grant summary judgment to Sgt. Neall. No version of the facts before this Court today can sustain this complaint.

## IV. CONCLUSION

For the reasons stated above, Sgt. Neall's motion is **GRANTED**. An order follows.

Dated: 01/19/2018        /s Robert B. Kugler
                         ROBERT B. KUGLER
                         United States District Judge

4